## IN THE UNITED STATES DISTRICT COURT FOR THE
## EASTERN DISTRICT OF TEXAS
## TYLER DIVISION

| | | |
|---|---|---|
| SFA SYSTEMS, LLC, | § | 6:10cv523 |
| | § | SEVERED FROM |
| Plaintiff, | § | |
| | § | C.A. NO. 6:09-CV-00340-LED |
| v. | § | |
| | § | JUDGE LEONARD E. DAVIS |
| 1-800-FLOWERS.COM, Inc., | § | |
| ET AL., | § | JURY TRIAL DEMANDED |
| | § | |
| Defendants. | § | |
| _____ | § | |

## BLOCKBUSTER INC.'S ANSWER, DEFENSES, AND COUNTERCLAIMS

Defendant Blockbuster Inc. ("Blockbuster") files this answer to Plaintiff SFA Systems, LLC's ("SFA") Complaint and Demand for Jury Trial (Dkt. No. 1) and hereby states as follows:

## PARTIES

1.  Blockbuster lacks knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 1 of the Complaint and Demand for Jury Trial and therefore denies those allegations.

2.  Paragraph 2 of the Complaint and Demand for Jury Trial is not directed at Blockbuster. To the extent any response is necessary, Blockbuster lacks knowledge and information sufficient to form a belief as to the truth of the allegations of Paragraph 2 of the Complaint and Demand for Jury Trial and therefore denies those allegations.

3.  Paragraph 3 of the Complaint and Demand for Jury Trial is not directed at Blockbuster. To the extent any response is necessary, Blockbuster lacks knowledge and information sufficient to form a belief as to the truth of the allegations of Paragraph 3 of the Complaint and Demand for Jury Trial and therefore denies those allegations.

4.  Paragraph 4 of the Complaint and Demand for Jury Trial is not directed at Blockbuster. To the extent any response is necessary, Blockbuster lacks knowledge and information sufficient to form a belief as to the truth of the allegations of Paragraph 4 of the Complaint and Demand for Jury Trial and therefore denies those allegations.

5.  Paragraph 5 of the Complaint and Demand for Jury Trial is not directed at Blockbuster. To the extent any response is necessary, Blockbuster lacks knowledge and information sufficient to form a belief as to the truth of the allegations of Paragraph 5 of the Complaint and Demand for Jury Trial and therefore denies those allegations.

6.  Paragraph 6 of the Complaint and Demand for Jury Trial is not directed at Blockbuster. To the extent any response is necessary, Blockbuster lacks knowledge and information sufficient to form a belief as to the truth of the allegations of Paragraph 6 of the Complaint and Demand for Jury Trial and therefore denies those allegations.

7.  Paragraph 7 of the Complaint and Demand for Jury Trial is not directed at Blockbuster. To the extent any response is necessary, Blockbuster lacks knowledge and information sufficient to form a belief as to the truth of the allegations of Paragraph 7 of the Complaint and Demand for Jury Trial and therefore denies those allegations.

8.  Paragraph 8 of the Complaint and Demand for Jury Trial is not directed at Blockbuster. To the extent any response is necessary, Blockbuster lacks knowledge and information sufficient to form a belief as to the truth of the allegations of Paragraph 8 of the Complaint and Demand for Jury Trial and therefore denies those allegations.

9.  Paragraph 9 of the Complaint and Demand for Jury Trial is not directed at Blockbuster. To the extent any response is necessary, Blockbuster lacks knowledge and information

sufficient to form a belief as to the truth of the allegations of Paragraph 9 of the Complaint and Demand for Jury Trial and therefore denies those allegations.

10. Admitted.

11. Paragraph 11 of the Complaint and Demand for Jury Trial is not directed at Blockbuster. To the extent any response is necessary, Blockbuster lacks knowledge and information sufficient to form a belief as to the truth of the allegations of Paragraph 11 of the Complaint and Demand for Jury Trial and therefore denies those allegations.

12. Paragraph 12 of the Complaint and Demand for Jury Trial is not directed at Blockbuster. To the extent any response is necessary, Blockbuster lacks knowledge and information sufficient to form a belief as to the truth of the allegations of Paragraph 12 of the Complaint and Demand for Jury Trial and therefore denies those allegations.

13. Paragraph 13 of the Complaint and Demand for Jury Trial is not directed at Blockbuster. To the extent any response is necessary, Blockbuster lacks knowledge and information sufficient to form a belief as to the truth of the allegations of Paragraph 13 of the Complaint and Demand for Jury Trial and therefore denies those allegations.

14. Paragraph 14 of the Complaint and Demand for Jury Trial is not directed at Blockbuster. To the extent any response is necessary, Blockbuster lacks knowledge and information sufficient to form a belief as to the truth of the allegations of Paragraph 14 of the Complaint and Demand for Jury Trial and therefore denies those allegations.

15. Paragraph 15 of the Complaint and Demand for Jury Trial is not directed at Blockbuster. To the extent any response is necessary, Blockbuster lacks knowledge and information sufficient to form a belief as to the truth of the allegations of Paragraph 15 of the Complaint and Demand for Jury Trial and therefore denies those allegations.

16. Paragraph 16 of the Complaint and Demand for Jury Trial is not directed at Blockbuster. To the extent any response is necessary, Blockbuster lacks knowledge and information sufficient to form a belief as to the truth of the allegations of Paragraph 16 of the Complaint and Demand for Jury Trial and therefore denies those allegations.

17. Paragraph 17 of the Complaint and Demand for Jury Trial is not directed at Blockbuster. To the extent any response is necessary, Blockbuster lacks knowledge and information sufficient to form a belief as to the truth of the allegations of Paragraph 17 of the Complaint and Demand for Jury Trial and therefore denies those allegations.

18. Paragraph 18 of the Complaint and Demand for Jury Trial is not directed at Blockbuster. To the extent any response is necessary, Blockbuster lacks knowledge and information sufficient to form a belief as to the truth of the allegations of Paragraph 18 of the Complaint and Demand for Jury Trial and therefore denies those allegations.

19. Paragraph 19 of the Complaint and Demand for Jury Trial is not directed at Blockbuster. To the extent any response is necessary, Blockbuster lacks knowledge and information sufficient to form a belief as to the truth of the allegations of Paragraph 19 of the Complaint and Demand for Jury Trial and therefore denies those allegations.

20. Paragraph 20 of the Complaint and Demand for Jury Trial is not directed at Blockbuster. To the extent any response is necessary, Blockbuster lacks knowledge and information sufficient to form a belief as to the truth of the allegations of Paragraph 20 of the Complaint and Demand for Jury Trial and therefore denies those allegations.

21. Paragraph 21 of the Complaint and Demand for Jury Trial is not directed at Blockbuster. To the extent any response is necessary, Blockbuster lacks knowledge and information

sufficient to form a belief as to the truth of the allegations of Paragraph 21 of the Complaint and Demand for Jury Trial and therefore denies those allegations.

22. Paragraph 22 of the Complaint and Demand for Jury Trial is not directed at Blockbuster. To the extent any response is necessary, Blockbuster lacks knowledge and information sufficient to form a belief as to the truth of the allegations of Paragraph 22 of the Complaint and Demand for Jury Trial and therefore denies those allegations.

23. Paragraph 23 of the Complaint and Demand for Jury Trial is not directed at Blockbuster. To the extent any response is necessary, Blockbuster lacks knowledge and information sufficient to form a belief as to the truth of the allegations of Paragraph 23 of the Complaint and Demand for Jury Trial and therefore denies those allegations.

24. Paragraph 24 of the Complaint and Demand for Jury Trial is not directed at Blockbuster. To the extent any response is necessary, Blockbuster lacks knowledge and information sufficient to form a belief as to the truth of the allegations of Paragraph 24 of the Complaint and Demand for Jury Trial and therefore denies those allegations.

25. Paragraph 25 of the Complaint and Demand for Jury Trial is not directed at Blockbuster. To the extent any response is necessary, Blockbuster lacks knowledge and information sufficient to form a belief as to the truth of the allegations of Paragraph 25 of the Complaint and Demand for Jury Trial and therefore denies those allegations.

26. Paragraph 26 of the Complaint and Demand for Jury Trial is not directed at Blockbuster. To the extent any response is necessary, Blockbuster lacks knowledge and information sufficient to form a belief as to the truth of the allegations of Paragraph 26 of the Complaint and Demand for Jury Trial and therefore denies those allegations.

27. Paragraph 27 of the Complaint and Demand for Jury Trial is not directed at Blockbuster. To the extent any response is necessary, Blockbuster lacks knowledge and information sufficient to form a belief as to the truth of the allegations of Paragraph 27 of the Complaint and Demand for Jury Trial and therefore denies those allegations.

28. Paragraph 28 of the Complaint and Demand for Jury Trial is not directed at Blockbuster. To the extent any response is necessary, Blockbuster lacks knowledge and information sufficient to form a belief as to the truth of the allegations of Paragraph 28 of the Complaint and Demand for Jury Trial and therefore denies those allegations.

## JURISDICTION AND VENUE

29. Blockbuster admits that Paragraph 29 of the Complaint and Demand for Jury Trial alleges that this is an action arising under the patent laws of the United States, Title 35 of the United States Code, but denies the merits of such action. Blockbuster admits that this Court has subject matter jurisdiction pursuant to 28 U.S.C. §§1331 and 1338(a).

30. With respect to Blockbuster, Blockbuster admits that it has sales in Texas and in this judicial district. With respect to the other Defendants, Blockbuster lacks knowledge and information sufficient to form a belief as to the truth of the allegations of Paragraph 30 of the Complaint and Demand for Jury Trial and therefore denies those allegations.

31. With respect to Blockbuster, Blockbuster admits that it has a regular and established place of business in this district, has transacted business in this district, and that venue is proper in this district under 28 U.S.C. §§ 1391(c) and 1400(b). With respect to Blockbuster, Blockbuster denies the remaining allegations of Paragraph 31 of the Complaint and Demand for Jury Trial. With respect to the other Defendants, Blockbuster lacks knowledge and information sufficient to form a belief as to the truth of the

allegations of Paragraph 31 of the Complaint and Demand for Jury Trial and therefore denies those allegations.

**ANSWER TO INFRINGEMENT OF U.S. PATENT NO. 6,067,525**

32. Blockbuster admits that a copy of U.S. Patent No. 6,067,525 ("the '525 patent), which states on its face that it is assigned to Clear With Computers and issued May 23, 2000, was attached as Exhibit A to the Complaint and Demand for Jury Trial.  Blockbuster lacks knowledge and information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 32, and therefore denies the same.

33. Admitted.

34. Paragraph 34 of the Complaint and Demand for Jury Trial is not directed at Blockbuster. To the extent any response is necessary, Blockbuster lacks knowledge and information sufficient to form a belief as to the truth of the allegations of Paragraph 34 of the Complaint and Demand for Jury Trial and therefore denies those allegations.

35. Paragraph 35 of the Complaint and Demand for Jury Trial is not directed at Blockbuster. To the extent any response is necessary, Blockbuster lacks knowledge and information sufficient to form a belief as to the truth of the allegations of Paragraph 35 of the Complaint and Demand for Jury Trial and therefore denies those allegations.

36. Paragraph 36 of the Complaint and Demand for Jury Trial is not directed at Blockbuster. To the extent any response is necessary, Blockbuster lacks knowledge and information sufficient to form a belief as to the truth of the allegations of Paragraph 36 of the Complaint and Demand for Jury Trial and therefore denies those allegations.

37. Paragraph 37 of the Complaint and Demand for Jury Trial is not directed at Blockbuster. To the extent any response is necessary, Blockbuster lacks knowledge and information

sufficient to form a belief as to the truth of the allegations of Paragraph 37 of the Complaint and Demand for Jury Trial and therefore denies those allegations.

38. Paragraph 38 of the Complaint and Demand for Jury Trial is not directed at Blockbuster. To the extent any response is necessary, Blockbuster lacks knowledge and information sufficient to form a belief as to the truth of the allegations of Paragraph 38 of the Complaint and Demand for Jury Trial and therefore denies those allegations.

39. Paragraph 39 of the Complaint and Demand for Jury Trial is not directed at Blockbuster. To the extent any response is necessary, Blockbuster lacks knowledge and information sufficient to form a belief as to the truth of the allegations of Paragraph 39 of the Complaint and Demand for Jury Trial and therefore denies those allegations.

40. Paragraph 40 of the Complaint and Demand for Jury Trial is not directed at Blockbuster. To the extent any response is necessary, Blockbuster lacks knowledge and information sufficient to form a belief as to the truth of the allegations of Paragraph 40 of the Complaint and Demand for Jury Trial and therefore denies those allegations.

41. Paragraph 41 of the Complaint and Demand for Jury Trial is not directed at Blockbuster. To the extent any response is necessary, Blockbuster lacks knowledge and information sufficient to form a belief as to the truth of the allegations of Paragraph 41 of the Complaint and Demand for Jury Trial and therefore denies those allegations.

42. Denied.

43. Paragraph 43 of the Complaint and Demand for Jury Trial is not directed at Blockbuster. To the extent any response is necessary, Blockbuster lacks knowledge and information sufficient to form a belief as to the truth of the allegations of Paragraph 43 of the Complaint and Demand for Jury Trial and therefore denies those allegations.

44. Paragraph 44 of the Complaint and Demand for Jury Trial is not directed at Blockbuster. To the extent any response is necessary, Blockbuster lacks knowledge and information sufficient to form a belief as to the truth of the allegations of Paragraph 44 of the Complaint and Demand for Jury Trial and therefore denies those allegations.

45. Paragraph 45 of the Complaint and Demand for Jury Trial is not directed at Blockbuster. To the extent any response is necessary, Blockbuster lacks knowledge and information sufficient to form a belief as to the truth of the allegations of Paragraph 45 of the Complaint and Demand for Jury Trial and therefore denies those allegations.

46. Paragraph 46 of the Complaint and Demand for Jury Trial is not directed at Blockbuster. To the extent any response is necessary, Blockbuster lacks knowledge and information sufficient to form a belief as to the truth of the allegations of Paragraph 46 of the Complaint and Demand for Jury Trial and therefore denies those allegations.

47. Paragraph 47 of the Complaint and Demand for Jury Trial is not directed at Blockbuster. To the extent any response is necessary, Blockbuster lacks knowledge and information sufficient to form a belief as to the truth of the allegations of Paragraph 47 of the Complaint and Demand for Jury Trial and therefore denies those allegations.

48. Paragraph 48 of the Complaint and Demand for Jury Trial is not directed at Blockbuster. To the extent any response is necessary, Blockbuster lacks knowledge and information sufficient to form a belief as to the truth of the allegations of Paragraph 48 of the Complaint and Demand for Jury Trial and therefore denies those allegations.

49. Paragraph 49 of the Complaint and Demand for Jury Trial is not directed at Blockbuster. To the extent any response is necessary, Blockbuster lacks knowledge and information

sufficient to form a belief as to the truth of the allegations of Paragraph 49 of the Complaint and Demand for Jury Trial and therefore denies those allegations.

50. Paragraph 50 of the Complaint and Demand for Jury Trial is not directed at Blockbuster. To the extent any response is necessary, Blockbuster lacks knowledge and information sufficient to form a belief as to the truth of the allegations of Paragraph 50 of the Complaint and Demand for Jury Trial and therefore denies those allegations.

51. Paragraph 51 of the Complaint and Demand for Jury Trial is not directed at Blockbuster. To the extent any response is necessary, Blockbuster lacks knowledge and information sufficient to form a belief as to the truth of the allegations of Paragraph 51 of the Complaint and Demand for Jury Trial and therefore denies those allegations.

52. Paragraph 52 of the Complaint and Demand for Jury Trial is not directed at Blockbuster. To the extent any response is necessary, Blockbuster lacks knowledge and information sufficient to form a belief as to the truth of the allegations of Paragraph 52 of the Complaint and Demand for Jury Trial and therefore denies those allegations.

53. Paragraph 53 of the Complaint and Demand for Jury Trial is not directed at Blockbuster. To the extent any response is necessary, Blockbuster lacks knowledge and information sufficient to form a belief as to the truth of the allegations of Paragraph 53 of the Complaint and Demand for Jury Trial and therefore denies those allegations.

54. Paragraph 54 of the Complaint and Demand for Jury Trial is not directed at Blockbuster. To the extent any response is necessary, Blockbuster lacks knowledge and information sufficient to form a belief as to the truth of the allegations of Paragraph 54 of the Complaint and Demand for Jury Trial and therefore denies those allegations.

55. Paragraph 55 of the Complaint and Demand for Jury Trial is not directed at Blockbuster. To the extent any response is necessary, Blockbuster lacks knowledge and information sufficient to form a belief as to the truth of the allegations of Paragraph 55 of the Complaint and Demand for Jury Trial and therefore denies those allegations.

56. Paragraph 56 of the Complaint and Demand for Jury Trial is not directed at Blockbuster. To the extent any response is necessary, Blockbuster lacks knowledge and information sufficient to form a belief as to the truth of the allegations of Paragraph 56 of the Complaint and Demand for Jury Trial and therefore denies those allegations.

57. Paragraph 57 of the Complaint and Demand for Jury Trial is not directed at Blockbuster. To the extent any response is necessary, Blockbuster lacks knowledge and information sufficient to form a belief as to the truth of the allegations of Paragraph 57 of the Complaint and Demand for Jury Trial and therefore denies those allegations.

58. Paragraph 58 of the Complaint and Demand for Jury Trial is not directed at Blockbuster. To the extent any response is necessary, Blockbuster lacks knowledge and information sufficient to form a belief as to the truth of the allegations of Paragraph 58 of the Complaint and Demand for Jury Trial and therefore denies those allegations.

59. Paragraph 59 of the Complaint and Demand for Jury Trial is not directed at Blockbuster. To the extent any response is necessary, Blockbuster lacks knowledge and information sufficient to form a belief as to the truth of the allegations of Paragraph 59 of the Complaint and Demand for Jury Trial and therefore denies those allegations.

60. Paragraph 60 of the Complaint and Demand for Jury Trial is not directed at Blockbuster. To the extent any response is necessary, Blockbuster lacks knowledge and information

sufficient to form a belief as to the truth of the allegations of Paragraph 60 of the Complaint and Demand for Jury Trial and therefore denies those allegations.

61. With respect to Blockbuster, Blockbuster denies that Blockbuster has infringed (whether willfully or not) the '525 patent. With respect to the other Defendants, Blockbuster lacks knowledge and information sufficient to form a belief as to the truth of the allegations of Paragraph 61 of the Complaint and Demand for Jury Trial and therefore denies those allegations.

62. With respect to Blockbuster, denied. With respect to the other Defendants, Blockbuster lacks knowledge and information sufficient to form a belief as to the truth of the allegations of Paragraph 62 of the Complaint and Demand for Jury Trial and therefore denies those allegations.

63. With respect to Blockbuster, denied. With respect to the other Defendants, Blockbuster lacks knowledge and information sufficient to form a belief as to the truth of the allegations of Paragraph 63 of the Complaint and Demand for Jury Trial and therefore denies those allegations.

64. With respect to Blockbuster, denied. With respect to the other Defendants, Blockbuster lacks knowledge and information sufficient to form a belief as to the truth of the allegations of Paragraph 64 of the Complaint and Demand for Jury Trial and therefore denies those allegations.

## ANSWER TO PRAYER FOR RELIEF

65. Blockbuster denies that Plaintiff is entitled to any of the relief requested in the Complaint and Demand for Jury Trial.

## DEFENSES

66. Without conceding that any of the following necessarily must be pled as an affirmative defense, or that any of the following is not already at issue by virtue of the foregoing denials, and without prejudice to Blockbuster's right to plead additional defenses as discovery into the facts of the matter warrant, Blockbuster hereby asserts the following defenses.  Blockbuster specifically reserves the right to amend its defenses further as additional information is developed through discovery or otherwise.

## FIRST DEFENSE

67. Blockbuster does not infringe and has not infringed (either directly, contributorily, or by inducement) any claim of the '525 patent either literally or under the doctrine of equivalents.

## SECOND DEFENSE

68. The claims of the '525 patent are invalid and/or unenforceable for failing to meet the requirements of one or more sections of Title 35, United States Code, including at least sections 102, 103, and/or 112, and one or more sections of Title 37, Code of Federal Regulations.

## THIRD DEFENSE

69. Plaintiff is estopped by the prosecution history of the '525 patent from asserting infringement of any claim of the '525 patent.

## FOURTH DEFENSE

70. Plaintiff's claim for damages are limited in time by 35 U.S.C. § 286.

## FIFTH DEFENSE

71. Without shifting the burden of proof, which lies with Plaintiff, Blockbuster avers that the Complaint and Demand for Jury Trial fails to plead, and that Plaintiff cannot carry their burden to prove compliance with, or an exception to, the notice requirements of the patent laws, Title 35 of the United States Code, including, but not limited to, 35 U.S.C. § 287, and therefore that alleged damages, if any, predating Plaintiff's assertion of the '525 patent against Blockbuster are not recoverable by Plaintiff.

## COUNTERCLAIMS

## FACTS

Blockbuster asserts the following Counterclaims against Plaintiff:

72. Blockbuster incorporates by reference its responses and allegations as set forth herein in Paragraphs 1–71.

73. Blockbuster is a Delaware corporation with its corporate headquarters and principal place of business at 1201 Elm Street, Dallas, TX 75270.

74. Plaintiff SFA Systems, LLC has alleged in the Complaint and Demand for Jury Trial that it is a Texas limited liability company with its principal place of business at 207 C North Washington Avenue, Marshall, TX 75670.

75. Plaintiff has alleged in the Complaint and Demand for Jury Trial that it is the owner by assignment of the '525 patent.

76. There is an actual controversy between Plaintiff and Blockbuster regarding noninfringement, invalidity, and unenforceability of the '525 patent because Plaintiff has asserted that Blockbuster infringes the '525 patent.

14

77. This Court has personal jurisdiction over Plaintiff because, *inter alia*, Plaintiff has submitted itself to the jurisdiction of this Court by filing the Complaint and Demand for Jury Trial in this Court.

78. Blockbuster brings these Counterclaims under the Patent Laws of the United States, 35 U.S.C. § 1, *et seq.*, and under 28 U.S.C. §§ 2201 & 2202.  This Court has jurisdiction over the subject matter of these Counterclaims under 28 U.S.C. §§ 1331, 1338, & 1367.

79. Venue for these Counterclaims is proper in this Court under 28 U.S.C. §§ 1391 and 1400 and under the doctrine of pendant venue because these Counterclaims are closely related to the claims set forth in the Complaint and Demand for Jury Trial.

## FIRST COUNTERCLAIM

80. Blockbuster has not infringed and is not infringing, either directly or indirectly, any claim of the '525 patent.

## SECOND COUNTERCLAIM

81. The claims of the '525 patent are invalid and/or unenforceable for failure to meet one or more sections of Title 35, United States Code, including at least sections 102, 103, and/or 112, and one or more sections of Title 37, Code of Federal Regulations.

## REQUESTS FOR RELIEF

Blockbuster respectfully requests that this Court grant the following relief:

A.      Dismissal of the Complaint and Demand for Jury Trial against Blockbuster with prejudice;

B.      A declaration that Plaintiff recovers nothing from Blockbuster;

C.      A declaration that Blockbuster has not infringed, either directly or indirectly, and

is not infringing, either directly or indirectly, any valid and enforceable claim of

the '525 patent;

D.      A declaration that the '525 patent is invalid and/or unenforceable;

E.      An order enjoining Plaintiff, its owners, agents, employees, attorneys, and

representatives, and any successors or assigns thereof, from charging or asserting

infringement of any claim of the '525 patent against Blockbuster or anyone in

privity with Blockbuster;

F.      An award to Blockbuster of its reasonable attorneys fees and costs; and

G.      Such other and further relief as the Court deems just and proper.


## JURY DEMAND

Under Federal Rule of Civil Procedure 38(b), Blockbuster respectfully requests a trial by

jury on all matters raised in its Answer, Defenses, and Counterclaims or in the Complaint and

Demand for Jury Trial.


Dated: September 23, 2009                    Respectfully Submitted,

                                             VINSON & ELKINS L.L.P.

                                             */s/ Leisa Talbert Peschel*_____
                                             Leisa Talbert Peschel (TX Bar No. 24060414)
                                             David Kent Wooten (TX Bar No. 24033477)
                                             Vinson & Elkins L.L.P.
                                             2500 First City Tower
                                             1001 Fannin Street
                                             Houston, TX 77002
                                             Telephone: 713.758.2222
                                             Facsimile:  713.615.5216
                                             lpeschel@velaw.com
                                             dwooten@velaw.com

Scott Wayne Breedlove (TX Bar No. 00790361)
LEAD ATTORNEY
Vinson & Elkins L.L.P.
2001 Ross Avenue
3700 Trammell Crow Center
Dallas, TX 75201-2975
Telephone 214.220.7993
Facsimile: 214.999.7993
sbreedlove@velaw.com

**Attorneys for Defendant
Blockbuster Inc.**

<u>**CERTIFICATE OF SERVICE**</u>

The undersigned hereby certifies that all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a)(3).  Any other counsel of record will be served by facsimile transmission and/or first class mail this 23rd day of September, 2009.

*/s/ Leisa Talbert Peschel*_____
Leisa Talbert Peschel

81634v.4